UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLORIA M. DOMINGUEZ, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> CAROLYN W. COLVIN, Acting § <br> Commissioner of Social security, § <br> *Defendant.* § <br> § | CIVIL ACTION NO. 4:12-CV-03606 |

## SUMMARY JUDGMENT ORDER

Plaintiff Gloria M. Dominguez filed this case under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), for review of the Commissioner's final decision denying her request for supplemental security income.[1] Both parties filed motions for summary judgment. (Dkts. 12, 13). Having considered the parties' submissions, the administrative record, and the applicable law, the court denies Dominguez's motion and grants the Commissioner's.

**I. Background**

Gloria M. Dominguez filed for benefits under Titles II and XVI of the Social Security Act

---

[1] The parties have consented to the jurisdiction of this magistrate judge for all purposes, including final judgment (Dkt. 10). Dominguez asks the court to review her request for disability benefits, as well. (Dkt. 1). However, her disability request was adjudicated separately–by another administrative law judge outside the state (Tr. 104)–and was not appealed to this court (*See* Dkt. 12). Thus, only Dominguez's supplemental social security income request is under review here.

("the Act") with the Social Security Administration on December 28, 2010,[2] claiming disability since January 1, 2006. (Tr. 238).[3] After Dominguez's application was denied at the initial and reconsideration levels, (Tr. 121-129), Dominguez requested a hearing before an administrative law judge ("ALJ"). Her hearing regarding her application for supplemental social security benefits was held on October 31, 2011. (Tr. 13). Dominguez was 49 years of age at the time of the hearing. (Tr. 56). The ALJ decision, dated November 10, 2011, denied Dominguez's application for benefits, finding Dominguez was not disabled under the Act. (Tr. 13-24). On October 17, 2012, the Appeals Council denied Dominguez's request for review of the ALJ's decision (Tr. 1-6), transforming it into the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000). Dominguez filed suit in this Court on December 10, 2012. (Dkt. 1).

---

Dominguez has an associate degree in hotel management and has worked as a housekeeper, assistant manager at a fast-food restaurant, bookkeeper, and domestic worker. (Tr. 56-61, 79). Dominguez was present and testified at the hearing, and was represented by

---

[2] The transcript of the administrative record will be cited as "Tr. ___". The ALJ's decision states that Dominguez applied for supplemental social security income on April 2, 2009. (Tr. 10). That is incorrect. Dominguez applied only for disability benefits on that date. (Tr. 212). However, this error does not permit the court to consider Dominguez's disability benefits application, as Dominguez requests.

[3] Plaintiff states in her motion for summary judgment that her period of disability began December 31, 2008. (Dkt. 12). However, the record reflects that she applied for benefits claiming a disability period beginning in January 2006. (Tr. 238).

counsel. (Tr. 52-76). The ALJ also heard testimony from Laurie McWade, a vocational expert. (Tr. 76-85). In her testimony, Dominguez alleged she is disabled due to diabetes, depression, asthma, stroke, arthritis, a lingering ankle injury, and side effects from her medications such as weight gain, loss of focus, and drowsiness. (Tr. 56-76). Dominguez testified that her condition prevents her from lifting items heavier than ten pounds and performing any job, even a sedentary one. (Tr. 61, 64). Dominguez also testified that she is able to write, make her bed, go to the grocery store with her daughter and a ride cart, go to church every Sunday, and sit for prolonged periods of time. (Tr. 56-76).

## II. Applicable Law

Section 405(g) of the Act governs the standard of review in disability cases. *Waters v. Barnhart,* 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny Social Security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard and (2) the Commissioner's decision is supported by substantial evidence. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), and is "more than a scintilla and less than a preponderance." *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court does not reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. The courts strive for judicial review that is deferential but not so

obsequious as to be meaningless. *Brown v. Apfel,* 192 F.3d 492, 496 (5th Cir. 1999).

To qualify for supplemental income, a plaintiff must prove she has a disability, defined under the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months". 42 U.S.C. §§ 423 (d)(1)(A) and 1382c(a)(3)(A); *Masterson*, 309 F.3d at 271. The ALJ must follow a five-step sequential analysis to determine whether a plaintiff is in fact disabled:

1. Is the claimant currently engaged in substantial gainful activity, *i.e.*, working? If the answer is yes, the inquiry ends and the claimant is not disabled.

2. Does the claimant have a severe impairment? If the answer is yes, the inquiry proceeds to question 3.

3. Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If so, the claimant is disabled. If not, then the inquiry proceeds to question 4.

4. Considering the plaintiff's residual functional capacity (RFC), can the claimant still perform her past relevant work? If so, the claimant is not disabled. If not, the inquiry proceeds to step 5.

5. Considering the claimant's RFC, age, education, and work experience, is there other work claimant can do? If so, claimant is not disabled.

20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718. At step five, the burden shifts to the Commissioner to show that employment for the claimant exists in the national economy. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991).

**III. Analysis**

The ALJ engaged in the five step procedure outlined above. (Tr. 15-21). At step one, the ALJ found Dominguez had not engaged in substantial gainful activity since the alleged onset date of her disability, January 1, 2006. (Tr. 15). At step two, the ALJ found Dominguez's diabetes mellitus, asthma, arthritis, status post cerebrovascular accident, obesity, depressive disorder, and anxiety disorder were all severe impairments. (Tr. 15). At step three, the ALJ found the above named impairments, considered singularly and in combination, did not meet or medically equal one of the listed impairments in Appendix 1. (Tr. 15-17); *see also* 20 C.F.R § 404.1526(b)(3). At step four, the ALJ assessed Dominguez's RFC and found Dominguez could not return to her past relevant work as an assistant manager or bookkeeper because she can only perform "light" work as opposed to the medium and/or skilled work each of these jobs require. (Tr. 20). At step five, the ALJ considered Dominguez's RFC in conjunction with her age, education, and work experience and determined there are jobs that exist in significant numbers in the national economy that Dominguez can perform. (Tr. 20-21).

Dominguez argues the Commissioner erred in finding Dominguez was not entitled to

disability benefits because the ALJ (1) failed at step four to consider all medical evidence in determining Dominguez's residual functional capacity; (2) improperly discounted Dominguez's credibility regarding her subjective complaints; and (3) failed at step five to sustain his burden of establishing that there is other work in the national economy that Dominguez can perform. (Dkt. 12).

### A. The ALJ's Finding Regarding Dominguez's Residual Functional Capacity

First, Dominguez argues that the ALJ failed to give sufficient weight to the medical opinion of Don'sha McCoy, an advanced practical nurse who treated Dominguez at Houston Area Community Services throughout 2011 and offered a Treating Physician's Opinion of Patient Limitations. (Dkt. 12, p. 9). McCoy opined that Dominguez had marked physical limitations that would interfere with her ability to perform work. (Tr. 701).[4] The ALJ mentions some of McCoy's findings in the opinion, though he does not specifically take them into account when explaining his conclusion that Dominguez is capable of light work. (Tr. 18). However, because McCoy is not a physician, her opinion is not considered an "acceptable medical source" by the Social Security Administration. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). Therefore, the ALJ was not required to rely on McCoy's opinion.

---

[4] In support of her argument for incorporating McCoy's opinions, Dominguez asserts that the physicians who provided consultative physical and psychiatric examinations of Dominguez, respectively, did not produce residual functional capacity evaluations regarding Dominguez's physical or mental capacities. (Dkt. 12, p. 8). While that may be the case, mental and physical RFC reports were filed in the record (*See* Tr. 537-42, 557-60), performed by medical consultants who heavily based their assessments on the consultative examinations performed. (*See* Tr. 411-412, 414-418). In any case, the ALJ ultimately performed his own RFC assessment by taking the entire record into account (Tr. 17-19).

6

*Porter v. Barnhart*, 200 Fed. Appx. 317, 320 (5th Cir. 2006); *see also Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994) (disclaiming a strict rule that ALJs must specifically articulate all evidence supporting their conclusions and provide reasons for rejecting any other evidence in the record).

Third, Dominguez argues that internal inconsistencies in the ALJ's opinion demand revisiting the opinion's conclusions. (Dkt. 12, p. 9). Her specific example is that while the ALJ notes earlier in the opinion that Dominguez uses a cane for her ankle, he concludes later that she has a normal gait and does "not require assistive devices to ambulate." (Tr. 18-19). Dominguez claims that the ALJ's mischaracterization of her condition means that the ALJ's hypothetical posed to the vocational expert was defective. (Dkt. 12, p. 10). However, the ALJ appears to be relying upon Dr. Mongillo's consultative examination and RFC report, which observe that Dominguez "walked with some stiffness in her gait, but [presented] no focal gait abnormalities" and had "[g]ood range of motion in her ankles" and knees. (Tr. 416, 538). The ALJ was therefore permitted to exclude mention of ambulatory weaknesses from his legal conclusions. *See Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994).

Lastly, Dominguez argues that the ALJ relied on outdated medical information in his opinion. (Dkt. 12, p. 10). Specifically, she claims the ALJ relied on non-examining physicians' RFC assessments that were made almost a year prior to the hearing and not based on the full record. (Dkt. 12, p. 10). This claim is incorrect. The ALJ mentions medical evidence from 2011 at least twice in his RFC assessment, including medical evidence from

7

Houston Area Community Services. (Tr. 18). Further, the ALJ made his own RFC assessment, taking into account Dominguez's testimony and evidence from her treating non-physician, instead of relying solely on the other RFC assessments in the record. (Tr. 17-18). Finally, the Eighth Circuit case upon which Dominguez relies, *Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995), is distinguishable. In *Frankl*, it was established that the plaintiff suffered a deterioration in his condition after the non-examining physician's RFC assessment was made. *Id.* at 938-39. Here, no such deterioration has been established in the record.

B. **The ALJ's Treatment of Dominguez's Subjective Complaints**

Dominguez next claims that the ALJ improperly discounted her subjective complaints about her pain and other symptoms by stating, but not explaining, why he found Dominguez's assertion that she was incapable of performing light work "not wholly credible." (Dkt. 12, pp. 10-13; Tr. 18). This characterization of the ALJ's credibility assessment is erroneous. In fact, the ALJ spends several paragraphs supporting his conclusion by comparing Dominguez's subjective complaints to the objective clinical findings in the record. (Tr. 18-19).[5] It is appropriate for an ALJ to discredit a claimant's subjective complaints due to contradictory medical reports or daily activities. *Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991) The ALJ's credibility assessment is generally

---

[5] For example, the ALJ properly notes that no physician has stated in the record that Dominguez is incapable of light work and lists the ways in which her physical and mental examinations were essentially normal. (Tr. 18).

accorded great deference and, in light of the substantial evidence underlying the conclusions here, the court shall not disturb it. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000).

### C. The ALJ's Finding That There Is Other Work In The National Economy Dominguez Can Perform

Finally, Dominguez asserts that the ALJ erred in failing to incorporate McCoy's findings into his conclusion about whether Dominguez could perform work in the national economy. (Dkt. 12, pp. 13-14). The ALJ first determined, at step four, that Dominguez's medically determinable impairments (diabetes mellitus, asthma, arthritis, status post cerebrovascular accident, obesity, depressive disorder, and anxiety disorder ) prevented her from performing any past relevant work. (Tr. 20). The ALJ then considered Dominguez's residual functional capacity, age, education, and work experience to determine whether Dominguez was still capable of performing jobs that exist in significant numbers within the national economy. (Tr. 20-21).

At the hearing, the ALJ posed a hypothetical to the vocational expert that took into account Dominguez's 1) postural limitations; 2) reduced mobility in her upper left arm; 3) inability to withstand concentrated exposure to fumes, odors, dust, gases, extreme temperatures dangerous machinery, and unprotected heights; 4) difficulty focusing on complex instructions and decisions; and 5) difficulty interacting with supervisors and clients on a frequent basis. (Tr. 80). The vocational expert responded that Dominguez was still

capable of working in such positions as a retail clerk, laboratory sample carrier, and order clerk, among other representative occupations. (Tr. 20-21). The ALJ determined that the vocational expert's testimony was consistent with the information contained in the Dictionary of Occupational Titles. *See* SSR 00-4p. Therefore, the ALJ concluded under the step five analysis that Dominguez was not disabled under the Social Security Act and denied her request for supplemental social security income. (Tr. 21).

As noted earlier, the ALJ is not required to rely on McCoy's opinion; her status as a treating non-physician disqualifies her findings from being "acceptable medical sources." *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). The ALJ met his burden of proof in concluding that Dominguez was capable of doing work, and his conclusion will not be revisited by the court.

### IV. Conclusion

The Commissioner's decision is supported by substantial evidence and based on the appropriate legal standards. Therefore, Dominguez's motion for summary judgment (Dkt. 12) is DENIED and the Commissioner's motion (Dkt. 13) is GRANTED.

Signed at Houston, Texas on September 11, 2013.

Stephen Wm Smith
United States Magistrate Judge